IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SARA WHYTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO. |
| v. ) | |
| ) | 3:18-CV-62 |
| NATIONAL BOARD OF ) | |
| MEDICAL EXAMINERS ) | |
| ) | |
| Defendant. ) | |

## REPLY BRIEF

Whether denominated a temporary restraining order or a preliminary injunction, there is no bar to framing TROs "to require affirmative relief." Wright, Miller, Kane, Spencer & Steinman, A Fed. Prac. & Proc. Civil § 2951 (3rd ed. 2018). The authors cite to United States v. George, 239 F. Supp. 752 (D. Conn. 1965).

TROs do not require life and death situations to be entered. See Sellers v. University of Rio Grande, 838 F. Supp2d 677 (S.D. Ohio 2012); (TRO in Rehabilitation Act case); Doe v. Pennsylvania State University, 276 F. Supp. 3d 300 (M.D. Pa. 2017) (TRO and preliminary injunction granted to allow student to enroll in the pre-med program beginning three days after order); Georgia Coalition for the Peoples' Agenda, Inc. v. Deal, 214 F. Supp. 3d 1344 (S.D. Ga. 2016).

1

As plaintiff pointed out in her initial brief, the standards for granting a temporary restraining order are the same as for a preliminary injunction. See Schiavo ex rel. Schindler v. Schiavo, 403 F. 3d 1223, 1225 (11th Cir. 2005).

Courts have consistently granted preliminary injunctions in comparable situations. See Jones v. Bd. of Governors of the University of North Carolina, 704 F. 2d 713, 716 (4th Cir. 1983); Doe v. NYU, 666 F. 2d 761, 773 (2d Cir. 1989), superseded by amended F.R.C.P. 52, see Zervos v. Verizon New York, Inc., 252 F. 3d 163 fn. 7 (2d Cir. 2001) (Ordinarily a one-year delay in obtaining admission to a graduate school for the purpose of pursuing professional studies, as distinguished from interruption or termination of attendance already in progress, is insufficient to warrant an injunction in the absence of other circumstances militating in favor of such relief.) Castle v. Appalachian Technical College, 2007 WL 9655703 (N.D. Ga. 2007) slip at 7-8; Bordelon v. Chicago School Reform Bd. of Trustees, 8 F. Supp. 2d 779 (N.D. Ill. 1998), Doe v. Middlebury College, 2015 WL 5488109 (D. Vt. 2015), Doe v. Notre Dame, 2017 WL 1836939 (N.D. Ind. 2017) vacated by reason of settlement 2017 WL 7661416 (N.D. Ind. 2017) (granting TRO and preliminary injunction); Nokes v. Miami University, 2017 WL 3674910 (S.D. Ohio 2017)King v. DePauw University, 2014 WL 4197507 (S.D. Ind. 2014).

Plaintiff is entitled to a temporary restraining order.

Respectfully submitted,

/s/ Ralph Goldberg
Ralph Goldberg
Georgia Bar No. 299475

/s/ Laurene Cuvillier
Laurene Cuvillier
Georgia Bar No. 202922
Attorneys for Plaintiff

**Goldberg & Cuvillier, P.C.**
1400 Montreal Road, Suite 100
Tucker, Georgia 30084-6919
(770) 670-7343
(770) 670-7344 (FAX)
attorneygoldberg@hotmail.com
cuvillier@bellsouth.net

3

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served counsel of record for the opposing party in the foregoing matter with a copy of the foregoing by depositing in the United States Mail copies of the same in properly addressed envelopes with adequate postage thereon or by notification of electronic filing to:

This 21st day of May, 2018.

/s/ Ralph Goldberg
Ralph Goldberg
Georgia Bar No. 299475
Attorney for Plaintiff

**Goldberg & Cuvillier, P.C.**
1400 Montreal Road, Suite 100
Tucker, Georgia 30084-6919
(770) 670-7343
(770) 670-7344 (FAX)
attorneygoldberg@hotmail.com