IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SARA WHYTE, | ) |
|       Plaintiff, | ) |
| v. | ) CIVIL ACTION FILE NO. |
| | ) 3:18-CV-62 |
| NATIONAL BOARD OF | ) |
| MEDICAL EXAMINERS | ) |
|       Defendant. | ) |

## AFFIDAVIT OF RALPH GOLDBERG

COMES NOW, Ralph Goldberg, who, after being duly sworn, deposes and says:

1.

I am a 1975 graduate of Emory Law School.

2.

I have practiced mainly as solo practitioner since 1975. In the last fourteen years, I have practiced in a two-person office. My specialties are civil rights and civil liberties law as well as consumer law. Most of my practice is in federal court. I am a member of the United States Supreme Court, the Third, and Eleventh Circuit Courts of Appeals, the United States District Court for the Northern, Middle, and Southern Districts of Georgia, and the Court of Appeals and Supreme

1

Court of Georgia. I have lectured at numerous seminars on civil rights and civil liberties law.

I have also litigated the following cases, among others: Stotts v. Brinson, 1:92-CV-2234-HTW (4/15/94), aff'd F. 2d (11th Cir. 1996); Jager v. Douglas County School District, 862 F. 2d 824 (11th Cir. 1989); Saladin v. City of Milledgeville, 812 F. 2d 687 (11th Cir. 1987); Wilson v. Attaway, 757 F. 2d 1227 (11th Cir. 1985); Searcey v. Crim, 815 F. 2d 1389 (11th Cir. 1987); Carringer v. Rodgers, 331 F. 3d 844 (11th Cir. 2003); Hardwick v. Ault, 447 F. Supp. 116 (M.D. Ga. 1978); Byrd v. City of Atlanta, 683 F. Supp. 804 (N.D. Ga. 1988); Isdoll v. Scottsdale Ins. Co., 219 Ga. App. 516 (1995); Mitchell v. Bailey, 1:92-CV-917-CC (N.D. Ga. 1995), aff'd 11th Cir. 1996; Hailemichael v. Franklin, 1:92-CV-1250-FMH (N.D. Ga. 1996), aff'd 11th Cir. 1997; Newman v. City of East Point, 181 F. Supp. 2d 1374 (N.D. Ga. 2002); Turner v. Habersham County, 290 F. Supp. 2d 1362 (N.D. Ga. 2003); Minor v. Barwick, 264 Ga. App. 327 (2003); McGee v. Hicks, 283 Ga. App. 678 (2007), later decision 303 Ga. App. 130 (2010) aff'd 289 Ga. 513 (2011); CAMP Legal Defense Fund, Inc. v. City of Atlanta, 451 F. 3d 1257 (11th Cir. 2006); Statewide Detective Agency v. Miller, 115 F. 3d 904 (11th Cir. 1997); Brand v. Casal, 877 F. 3d 1253 (11th Cir. 2017) vacated by reason of settlement (2018); Abercrombie v. Beam, 2018 WL 1341535 (11th Cir. 2018)(Do Not Publish). In the ADA context, I have litigated Black v. Wiggington, 811 F. 3d

2

1259 (11th Cir. 2016) and Lillian B. ex rel Brown v. Gwinnett County School District, 631 Fed. Appx. 851 (11th Cir. 2015) on remand 2016 WL 8115395 (N.D. Ga. 2016), thereafter settled on appeal in Case # 16-15505.

3.

I have served as chair of the A.C.L.U. of Georgia Legal Committee and, in 1991, I served as President of that Chapter. I was also a member of the Board of the National A.C.L.U.

4.

My normal hourly rate is now $450.00 an hour. Depending upon a client's ability to pay, I might charge less. I take Section 1983 cases on a contingency basis, but I ask the client to make a retainer. Normally, I will charge anywhere from $750.00 to $5,000.00 as a retainer, depending upon the ability of the client to pay, or offer to work at an hourly rate of $450.00. I have represented two attorneys for $350.00 an hour, working against a $10,000.00 retainer. I have represented an appellant challenging a federal statute for a flat fee of $25,000.00. I have charged $15,000 to defend a client in a case involving quiet title. Our firm charged plaintiff $25,000 and I agreed to charge $450 an hour for the work I did in this case. That amount covered $10,000 to try to get her accommodations without suit, and $15,000 to file this suit and appear for the TRO. All costs were taken out of that sum including the $400 filing fee, the costs of renting a vehicle for $73.24 and gas

of $25.00. The agreement with Ms. Whyte is that any attorney fees and costs recovered up to $25,000 will be refunded to her.

5.

I have represented Ms. Whyte in no other action prior to this case.

6.

I have reviewed the time records attached for which compensation is sought. There are no redundant hours claimed. The time expended was not excessive in relation to the work required, nor was it unnecessary. Ms. Cuvillier and I tried to split our tasks so that except for the initial interview, and one further meeting to discuss filing this case which I attended part of, there was no duplication of hours. The hours claimed herein are accurate and contemporaneous records of the time spent on this matter. The time records are divided into categories as required by ACLU of Ga. v. Barnes, 168 F. 3d 423, 427 (11th Cir. 1999).

7.

Through May 29, 2018 I have expended 56.6 hours. I have not charged for any time spent implementing the TRO.

8.

I should note that I write at my computer and research as I am writing much of the time.

9.

Ordinarily I would be requesting to be paid at the rate of $450.00 an hour for 56.6 hours. In this application I have cut my fees to $350 an hour based on this Court's decision in Prison Legal News v. Chapman, 2015 WL 5722797 (M.D. Ga. 2015). I am not necessarily convinced that there is a surfeit of attorneys ready to file such a TRO against defendant in this case and I note the work done in Chapman was from 2012 to 2015. See Georgia State Conference of the NAACP v. Hancock County Bd., 2018 WL 1583160 (M.D. Ga. 2018). I am requesting costs in the amount of $400 for the filing fee, car rental of $73.24 and gas of $25.00.

Respectfully submitted,

_____
Ralph Goldberg
Georgia Bar No. 299475
Attorney for Plaintiff

Sworn to and subscribed before me
this _____ day of May , 2018.

_____
NOTARY PUBLIC

My commission expires: July 28, 2019
NOTARY SEAL

## INITIAL INTERVIEW

| | | |
|---|---|---|
| 01/19/18 | Research ADA & Testing Accommodations | 0.9 |
| 01/20/18 | Meet with client | <u>3.2</u> |
| | | 4.1 |

## RESEARCH AND PREPARE COMPLAINT, TRO AND BRIEF

| | | |
|---|---|---|
| 05/02/18 | Research and work on TRO brief | 1.4 |
| 05/03/18 | Research and work on TRO brief | 3.2 |
| 05/03/18 | Research and work on TRO brief | 1.0 |
| 05/07/18 | Research and work on TRO brief | 6.3 |
| 05/08/18 | Research and work on TRO brief | 6.8 |
| | Research and work on TRO brief, talk to UGA attorney re: expert, letter to UGA attorney, talk to client. | |
| 05/09/18 | Prepare complaint | 5.3 |
| 05/10/18 | Prepare complaint and TRO | 0.4 |
| 05/11/18 | Meet with client<br>Research mandatory injunction<br>talk to expert | 1.5<br>1.6<br>0.2 |
| 05/13/18 | Research affidavit, heresay expert | 1.25 |
| 05/14/18 | Research affidavit, talk to UGA attorney, prepare affidavit for Miller, \_\_\_\_ Reply brief. | 2.5 |
| 05/16/18 | Motion to seal documents | 0.1 |

6

| | | |
|---|---|---|
| 05/16/18 | Talk to client, read letter from NBME | 0.4 |
| 05/18/18 | Talk to counsel and client re: settlement | 0.25 |
| 05/20/18 | Prepare for hearing | 2.2 |
| 05/21/18 | Travel, hearing on TRO, travel | <u>6.5</u> |
| | | 41.9 |

## ATTORNEY FEES BRIEF

| | | |
|---|---|---|
| 05/22/18 | Write and research attorney fees | 1.4 |
| 05/23/18 | Research and write attorney fees brief | 6.0 |
| 05/24/18 | Research and write attorney fees brief | <u>3.1</u> |
| | | 10.6 |

**FEE CONTRACT**

This Agreement, made this 20th day of January, 2018, between Sara Whyte, herein called Client, and Goldberg & Cuvillier, P.C. and Ralph Goldberg and Laurene Cuvillier, herein called Attorneys.

W I T N E S S E T H:

1. The Client has this day retained, employed, and authorized the Attorneys:

> To prosecute/defend this Client's claims against the National Board of Medical Examiners for testing accommodations on the Step 2 Exam and future exams administered by the National Board of Medical Examiners

provided that client pays the agreed fees as agreed as set out in paragraph 2a;

2. The Client agrees to pay the Attorneys, and the Attorneys agree to accept the following fees:

   a. An initial retainer of $10,000.00, of which said amount is due upon the signing of this contract, and $15,000 which is due on _February 19, 2018_. Receipt of the above retainers are acknowledged at the rate of $450.00 per hour for Ralph Goldberg and $350.00 per hour for Laurene Cuvillier. The above hourly attorney rates will be charged for all hours reasonably expended if the Attorneys are paid on an hourly rate due to the provision in #5 of this agreement.

   b. In case of any appeal, the Attorneys shall be paid an additional fee for his/her services as follows:

To be negotiated with client at the time of appeal, prior to filing any notice of appeal.

1

<u>Attorneys have NOT agreed to represent the client on appeal. The attorneys and the client have not agreed on a charge for representing the client on appeal.</u>

c.  Other fees: Attorneys agree to pay filing fees, deposition costs, service of process fees, costs of experts, costs of medical records, and other fees and costs, however, client agrees that ALL such costs will be reimbursed to the Attorneys within 15 days after Attorneys have notified the client of the charges due. Any charges that are unpaid at the time of settlement or other recovery will be deducted out of the CLIENT'S portion of any recovery.

3.  The Client agrees to pay and reimburse and save the Attorneys harmless from any and all costs, disbursements, or expenses incurred or deemed necessary by the Attorneys in handling Client's case. Client agrees that interest of 1.5% per month will be charged on all costs not reimbursed to the attorneys within 30 days of being given notice of such costs.

4.  The Client reserves the absolute right to discharge the Attorneys at any time. <u>If the Client discharges the Attorneys, the Client agrees to compensate the Attorneys for services rendered to the date of the discharge, as well as for all costs, expenses, and disbursements incurred by the Attorneys by paying the Attorney sthe fair and reasonable value of their services to be determined as follows</u>:

   a.  If the Attorneys are discharged before any verdict, award, determination, or judgment is rendered, or the Client's actions cause the Attorneys to remove himself/herself from the case, then the compensation of the Attorneys shall be computed on a time basis at the rate of $450 per hour for Ralph Goldberg and $350 per hour for Laurene Cuvillier.

   b.  If the Attorneys are discharged by the Client after a verdict, award, determination, or judgment is rendered in favor of the Client, or the Client's actions cause the Attorneys to remove himself/herself from the case, then the compensation of the Attorneys shall be computed in accordance with the provisions of the payment

SKW *LCCM*

2

just as if the verdict, award, determination, or judgment had actually been collected in full for the Client.

  c. The Attorneys reserve the right to withdraw as attorneys of record upon compliance with any local rules if client fails to cooperate with the attorneys in any aspect of the case including appearing promptly at appointments, depositions, hearings, providing Attorneys the necessary documents or information to pursue the case, or failing to pay as agreed.

  d. Client agrees that if ordered by the Court to mediate or if a mediation is voluntarily entered into, that cli<u>ent will negotiate in good faith.</u> Failure to negotiate in good faith, including failure to respond to offers and failure to accept a reasonable settlement offer, shall be cause for the Attorneys to withdraw.

  e. <u>Should Client cause Attorneys to withdraw by Client's actions or failure to act, the Attorneys shall be paid as set out above</u>.

5. It is mutually agreed that if the Client settles his/her claim or cause of action without the consent of the Attorneys or causes the Attorneys to settle a case where statutory Attorneys' Fees are awarded, then the Client agrees to pay the Attorneys the Attorneys' Fees computed in accordance with the terms of this Agreement, based upon the final recovery realized or received by the Client in such settlement or at the hourly rate set out in this contract, whichever is higher.

6. The Client agrees that the Attorneys <u>have given no guarantees</u> regarding the successful termination of the Client's claim or cause of action; and that all expressions by the Attorneys relative to the Client's claim are only matters of opinion given in good faith.

7. The Attorneys shall receive no compensation in any manner or form in connection with this claim or cause of action other than that provided for in this Agreement.

8. This Agreement shall be binding upon the heirs, executors, administrators, successors, and assigns of each of the parties hereto.

9. Client is hereby notified that the Attorneys' estimate of expenses of litigation, not including

3

*Skw LCC B*

attorneys' fees, will be provided to client prior to the commencement of litigation.

$ 2000        Depositions

$ 400         Court filing fees

$ 10000       Expert witness fees

$ 350         Process service fees

$12750        Total estimate   SKW  LCC

IN WITNESS WHEREOF, the parties have executed this Agreement the day and year first above written.

_Lauren C Cuvillier_
_Ralph Goldberg_
ATTORNEYS
RALPH GOLDBERG and
LAURENE CUVILLIER
Goldberg & Cuvillier, P.C.
1400 Montreal Rd. E
Suite 100
Tucker, Ga. 30084
770-570-7343

Sara Whyte
CLIENT (printed name)

_signature_
CLIENT (signed name)

127 Hart Ave.
Street Address

Athens, GA 30606
City, State, Zip Code

404-217-8036
Home Phone Number

404-246-0912
Additional Phone Number

sarakwhyte@gmail.com
Email address(es)
additional email: Laserkbeam@gmail.com

Client's credit or debit card number for payment of retainer: _____

Expiration_____ Name on card:_____

4                                                SKW LCC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| I.K., a minor, by IKEVIAS DAVIS as Next Friend,<br><br>Plaintiff,<br><br>v.<br><br>ATLANTA NEIGHBORHOOD CHARTER SCHOOL, INC., MATT UNDERWOOD, CATHEY GOODGAME, and MARIA G. LARSON,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 1:15-CV-250-MHC |

## ORDER

The above-styled civil rights action sought the reinstatement of Plaintiff's child at Defendant Atlanta Neighborhood Charter School ("ANCS"). The parties reached an agreement after the filing of this lawsuit, wherein Plaintiff's child reenrolled at ANCS pending an investigation into her residency and Plaintiff agreed to dismiss this lawsuit without prejudice. Consent Order of Dismissal Without Prejudice [Doc. 14] at 1-2. Further, as a part of the agreement, ANCS agreed to pay reasonable attorney's fees to Plaintiff's attorneys of record. Id. at 3.

Plaintiff's attorneys of record have submitted affidavits and other evidence indicating that they worked a total of 26.2 hours, divided as follows: Ralph Goldberg, 22.1 hours at an hourly rate of $425.00 (for a total of $9,392.50), and Laurene Cuvillier, 4.1 hours at an hourly rate of $300.00 (for a total of $1,230.00). [Doc. 15.] In addition, Plaintiff seeks costs in the amount of $400.00 for the filing fee in this case resulting in a total of attorney's fees and costs in the amount of $11,022.50. Id. Defendants have filed a response to Plaintiff's counsel's request indicating that the matter could have been resolved much faster and with considerably less effort had Plaintiff's attorneys of record contacted Defendants to resolve the issue outside of court rather than filing a lawsuit and suggesting that a fee of $2,000 is more reasonable. [Doc. 16.] Defendants do not contest the hours submitted by Plaintiff's counsel, nor do they question the reasonableness of Plaintiff's counsel's hourly rate.

After thorough consideration of the parties' filings and the facts and circumstances of this case, the Court finds that Plaintiff's counsel's request for $10,622.50 in attorney's fees and $400.00 in court costs is reasonable and, pursuant to the Consent Order entered on May 6, 2015, the Court hereby awards Plaintiff's counsel $11,022.50.

**IT IS SO ORDERED** this 4th day of November, 2015.

_____
MARK H. COHEN
United States District Judge