IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| SARA WHYTE | § § | |
| PLAINTIFF, | § § | CIVIL ACTION FILE NUMBER: 3:18-CV-62 |
| V. | § § | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | § § § | |
| DEFENDANT. | § § | |

## DECLARATION OF JANET E. HILL

COMES NOW JANET E. HILL, pursuant to 28 U.S.C. § 1746, and declares under penalty of perjury under the laws of the United States that the following is true and correct. I understand that this declaration is being filed in connection with the above-styled case.

1.

I am over eighteen years of age and am competent to give this affidavit. I am submitting this affidavit in support of the Plaintiff's Motion for Attorneys' Fees and Costs in the above referenced case. The opinions expressed in this affidavit are made in accordance with the standards currently applied under 29 U.S.C. §§ 626 and 216.

2.

I have extensive experience in civil rights, employment discrimination, and wage and hour litigation, including litigation under The Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq*. I am the principal of Hill & Associates, PC, and have in this firm and prior firms,

1

practiced law in the employment law area for thirty-five years. My firm primarily handles employment cases, including discrimination claims.

3.

I am a 1982 graduate of the University Of Georgia School Of Law and have been a member of the State Bar of Georgia since June, 1982. I am a member of all the state courts in Georgia. I am a member of the federal courts for the Northern, Middle, and Southern Districts of Georgia, the 11th Circuit Court of Appeals, and the U.S. Supreme Court. Since my admission to the Bar, I have practiced primarily in the area of employment law, particularly in federal litigation. I became a partner with Nelson & Sweat, PA in 1986, which became Nelson & Hill, PA in 1988. In 1996, I became managing partner in Nelson, Hill, Lord & Beasley, LLP, which position I held until 2002, at which time the firm became Hill & Beasley, LLP. Since December, 2006, my firm has been Hill & Associates, PC. In addition to carrying my own case load, I have supervised numerous associates in federal litigation. I have been attorney of record or lead counsel in more than 100 civil rights and/or federal cases in the Northern District of Georgia, the Middle District of Georgia, the Southern District of Georgia, and the Eleventh Circuit Court of Appeals. I have tried dozens of jury trials of employment related cases.

4.

I have written for and lectured in bar organizations and continuing legal education programs on topics involving inter alia, civil rights litigation, federal litigation, and employment discrimination, including being a speaker or moderator at the National Conventions for the National Employment Lawyers' Association in 1992-2008, 2014, and 2015, as well as being co-

chairperson at the 1995 convention and the 2008 convention, wherein over five hundred attorneys from nearly every state participated. I am a past President of the National Employment Lawyers Association, the only national bar organization comprised of attorneys who primarily represent individuals in employment cases, and which has over 3,000 members, including its affiliated chapters. I served as President from 2004-2006. I have also served as Secretary, Vice-President, and Member of the Executive Board. I have served as Vice President of the Georgia Trial Lawyers' Association and on the Amicus Curiae Committee. I also was co-coordinator of the First-Fifteenth Employment Litigation Conferences sponsored by the Georgia Chapter of the National Employment Lawyers Association, co-chaired NELA-GA's ICLE seminar in 2006, 2007 and 2014, and was a speaker at the past three NELA-GA ICLE programs.

5.

It is my experience and opinion that litigation under Title III of the ADA requires specialized skills and is considered a complex area of practice and it is impractical for an attorney with a general practice to take such cases. In addition, because there are no damages available under Title III, few attorneys are willing to accept such cases, even among attorneys who regularly handle employment discrimination cases. Accordingly, attorneys in the specialized area rightfully command a higher hourly rate than in many other areas of practice.

6.

My firm receives calls from all over the state for representation in public accommodation disability cases. Many potential clients report that they have been unable to find counsel in their geographic area who is both able and willing to take on employment discrimination cases. As a

result of the above factors, it is very difficult to refer clients with possible meritorious disability claims to counsel who are both competent and willing to handle the case.

7.

My office is in the Middle District of Georgia; however, I handle cases in the Northern District and have occasionally handled cases in the Southern District. My current hourly rate usually ranges from $300-400 per hour although I sometimes reduce this rate depending on the client's ability to pay, the complexity of the legal issues, and whether I have a prior or long standing relationship with the client. I currently have clients who are billed and pay me $350 per hour and I have billed and been paid $375 per hour in the past by clients.

8.

I am familiar with the market rates for attorneys in the Middle District. It is my opinion that the market rate for lawyers in the Middle District of Georgia for attorneys with similar skills and experience as mine ranges from $300-$450 or more. It is my opinion that the market rate for lawyers in the Northern District of Georgia for attorneys with similar skills and experience as mine ranges from $350-$550 or more. For example, in the case *Shipley v. Hypercom Corporation,* Civil Action No. 1:09-CV-0265-RGV, NDGA, the Court awarded fees to Randall Grayson at the rate of $425 per hour. Mr. Grayson has been admitted to the Georgia Bar since 1995 and primarily handles employment litigation.

9.

Plaintiff's counsel, Ralph Goldberg, has been practicing law since 1975 and specializes in civil rights and civil liberties law, as well as consumer law. I have known Plaintiff's counsel

since the late 1990's when we became acquainted with one another through our mutual involvement in the National Employment Lawyers Association – Georgia Chapter ("NELA-GA.") I have consulted Mr. Goldberg from time to time on civil rights and section 1983 cases and have referred such cases to him on many occasions. I have also read briefs written by Mr. Goldberg and am familiar with many of his successful cases. Given the foregoing, I can attest that Mr. Goldberg is recognized as a knowledgeable member of the bar in the area of civil rights and civil liberties litigation, including cases such as the current one.

10.

I understand that Mr. Goldberg is seeking an hourly rate of $350 per hour. This rate is very reasonable and is on the low end of the market rate for the Middle District, especially for someone with his skill and experience, the specialized area of the law and the lack of available counsel in Athens. I would not have felt comfortable handling this case and I know of no Athens attorney who would have accepted it. It was reasonable for the Plaintiff to seek Atlanta counsel, and the only attorneys in Atlanta of whom I am aware who handle these type case charge a higher hourly rate than this. In addition, the Plaintiff agreed to pay Mr. Goldberg $450 per hour and Ms. Cuvillier $350 per hour.

11.

It is also common for attorneys to charge a higher hourly rate when there is a short time deadline, which was true in this case, where a temporary restraining order was required in order for the Plaintiff to take the exam with accommodations.

5

12.

I understand that co-counsel Laurene Cuvillier is seeking an hourly rate of $250 per hour. This rate is very reasonable and consistent with the market rate for the Middle District, for attorney with fourteen years of experience.

13.

I am generally familiar with the issues in this case and with the length of time the matter has been pending from discussing the matter with Mr. Goldberg and reviewing the pleadings in the case, including the complaint, briefs and minute entry where the TRO was granted.

14.

I have reviewed the time entries in this case. I believe that the hours for which Mr. Goldberg and Ms. Cuvillier are seeking payment are reasonable. In addition, since they prevailed in having a TRO granted they were fully successful in the claim.

15.

It is my opinion that the total amounts for which Plaintiff seeks payment are reasonable and consistent with the total fees that would be charged in the Middle District for lawyers with skills such as Mr. Goldberg's and Ms. Cuvillier's and in cases similar to this one. It appears that they used their time appropriately.

This the 29th day of May, 2018.

_____
Janet E. Hill