IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| **SARA WHYTE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )  Case No. 3:18-cv-00062-CAR |
| **NATIONAL BOARD OF MEDICAL EXAMINERS,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S FEE REQUEST

Plaintiff has moved for an award of fees and costs pursuant to 42 U.S.C. § 12205. *See* Motion for Attorney's Fees (filed May 31, 2018) (ECF No. 15), *and* Attorneys' Fees Brief (filed May 31, 2018) (ECF No. 15-1) ("Pl. Br."). Section 12205 provides that, in an action brought under the Americans with Disabilities Act (the "ADA"), a court may, "in its discretion, … allow the prevailing party … a reasonable attorney's fee, including litigation expenses, and costs…." Plaintiff claims to be a prevailing party because the Court granted her motion for a temporary restraining order. *See* Minute Order (entered May 21, 2018) (ECF No. 12).

Defendant National Board of Medical Examiners ("NBME") opposes the Plaintiff's Motion for Attorney's Fees. The motion is premature and should be denied in all events.

### PROCEDURAL HISTORY

Sara Whyte filed her Complaint on May 16, 2018, claiming to have an Attention Deficit Hyperactivity Disorder ("ADHD") that entitled her, under the ADA, to extra testing time on Step 2 CK of the United States Medical Licensing Examination. (ECF No. 1). She filed a Motion for Temporary Restraining Order on the same date (ECF No. 2), alleging that she needed expedited

140195007.1

relief because she was "required to take and pass the USMLE Step 2 by May 24, 2018 or she [could] not return to Medical School," Plaintiff's Complaint ¶ 37.

Based on Ms. Whyte's claimed urgency, which was not supported by any evidence beyond her own assertions and proved to be inaccurate,[1] the Court entered a Notice on Friday, May 18th, that a hearing would be held on Ms. Whyte's TRO motion the following Monday, May 21st, at 3 p.m.  It was NBME's understanding that the hearing would consist of argument by counsel, with no witnesses, and that the TRO motion would be decided based upon the written materials that the parties submitted by 12 p.m. on May 21st (the submission deadline requested by the Court).  During the hearing, however, the Court invited Ms. Whyte to take the witness stand.  Ms. Whyte's testimony thus became the only live testimony heard by the Court.

At the conclusion of the hearing, the Court granted Ms. Whyte the relief she requested in her TRO motion.  It did so despite concluding that the evidence did not appear to support a finding that she has ADHD, which is the only impairment she relied upon in her Complaint and TRO motion as entitling her to relief.  Transcript at 62-63 (ECF No. 13).  The Court relied heavily on Ms. Whyte's testimony in granting her motion.  *Id.* at 62-64.

On June 15, 2018, NBME filed a Notice of Appeal from the Court's May 21, 2018 ruling. (ECF No. 20).

---

[1] After obtaining the Court ruling in her favor, Ms. Whyte tested on May 25 and May 26, 2018.  Her results were not available until June 13, 2018.  To the best of NBME's knowledge, she experienced no adverse consequences relative to her medical school because of this schedule.  Thus, contrary to what she informed the Court, she apparently was ***not*** "required to take and pass the USMLE Step 2 by May 24, 2018" in order to be able to "return to Medical School."

## ARGUMENT

Given NBME's Notice of Appeal and the preliminary nature of these proceedings, Ms. Whyte's fee request is premature.  After discovery has taken place and evidence has been presented from witnesses other than Ms. Whyte, this Court might hold that Ms. Whyte is not disabled within the meaning of the ADA and therefore is not entitled to any relief on the merits of her claim.  Likewise, the Court of Appeals might hold that this Court erred in granting Ms. Whyte's TRO motion, where the relief awarded by the Court was functionally equivalent to a mandatory preliminary injunction.  In either of those events, Ms. Whyte clearly will not be a prevailing party within the meaning of the ADA's fee provision.  *See Sole v. Wyner*, 551 U.S. 74, 83 (2007) ("Prevailing party status, we hold, does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone by the final decision in the same case.").[2]

NBME recognizes that district courts may entertain a motion for attorney's fees despite the filing of a notice of appeal.  *See, e.g., Rothenberg v. Security Management Co.*, 677 F.2d 64, 65 (11th Cir. 1982).   That generally happens, however, when the appeal involves a decision on the merits.  Here, the appeal is from an order that granted interim relief, made within days of the filing of the complaint.

---

[2]  *See also Sole v. Wyner*, 551 U.S. at 84 ("In this case, the preliminary injunction hearing was necessarily hasty and abbreviated.  Held one day after the complaint was filed and one day before the event, the timing afforded the state officer defendants little opportunity to oppose Wyner's emergency motion.  Counsel for the state defendants appeared only by telephone.  The emergency proceeding allowed no time for discovery, nor for adequate review of documents or preparation and presentation of witnesses.  The … court's threshold ruling would have no preclusive effect in the continuing litigation….  In short, the provisional relief granted terminated only the parties' opening engagement. Its tentative character, in view of the continuation of the litigation to definitively resolve the controversy, would have made a fee request at the initial stage premature.") (citations omitted).

Moreover, and relatedly, under the Supreme Court's "prevailing party" jurisprudence, attorneys' fees may be awarded "only when a party has prevailed *on the merits* of at least some of his claims." *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980) (emphasis added); *see also Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 603-04 (2001). "[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). None of these outcomes has occurred here.

The "merits" requirement is "difficult to meet in the context of TROs and preliminary injunctions" precisely because a court is not called upon to decide the merits, and instead addresses only the probability of success on the merits. *Singer Management Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (en banc) (holding that plaintiffs who obtained a TRO were not prevailing parties, where they obtained no ruling on the merits and their claim for injunctive relief became moot after entry of the TRO). Ms. Whyte cannot be said to have prevailed on the merits of her ADA claim.

Finally, even if Ms. Whyte's fee request were not premature, and even if she could be said to have prevailed on the merits of her claim, she would not automatically be entitled to recover attorneys' fees. A fee award under Section 12205 is discretionary. Here, it was entirely appropriate for NBME to require Ms. Whyte to demonstrate that she is disabled within the meaning of the ADA before it would allow her to take one of her medical licensing examinations in a non-standard manner. Jurisdictions across the country rely upon USMLE results to help ensure the minimum competency of licensed physicians. It is therefore important for NBME to

protect the integrity of USMLE scores and the fairness of the examination process for all test-takers. *See Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 88-89 (2d Cir. 2004) ("[NBME's] procedures are designed to ensure that individuals with bona fide disabilities receive accommodations, and that those without disabilities do not receive accommodations that they are not entitled to, and which could provide them with an unfair advantage…. As administrator of the national exam used by . . . states for licensing medical doctors, [NBME] has a duty to ensure that its examination is fairly administered to all those taking it.").

Although the Court granted Ms. Whyte interim relief, it stated that NBME "ought to be fighting" these types of cases if it has concerns about whether an examinee is legally entitled to accommodations. Transcript at 63. NBME had (and continues to have) such a concern here.

Absent a showing of bad faith in deciding an accommodation request, an entity that administers licensing examinations should not be ordered to pay a plaintiff's attorney's fees in a case such as this, even if the plaintiff prevails on the merits. The competing interests that are implicated by an accommodation request in this context would make a fee award unjust. That is all the more true, however, where the fee request is based upon a plaintiff's receipt of expedited, interim relief, awarded before any discovery has occurred and with no meaningful opportunity to impeach the plaintiff's live testimony or present opposing fact or expert witnesses, as here. An award of fees here would inappropriately serve as a disincentive to NBME and other entities that administer licensing examinations to review accommodation requests in a conscientious manner, and to defend their accommodation decisions if a prospective examinee files a court complaint. That would not serve the public interest, given the important role that licensing examinations play in helping jurisdictions ensure competency in a broad range of professions, and the need to protect the integrity of exam results.

## CONCLUSION

Ms. Whyte's fee request should be denied as premature in light of NBME's Notice of Appeal, or it should be stayed until this case has been concluded. If the Court decides to address the merits of her fee request, the request should be denied. Ms. Whyte cannot be said to have obtained relief "on the merits" of her ADA claim. In addition, a denial of fees is warranted as an exercise of the Court's discretion to deny fees under 42 U.S.C. § 12205.

Dated: June 19, 2018                                    Respectfully submitted,

/s/ LEE M. GILLIS, JR.
Lee M. Gillis, Jr.
James-Bates-Brannan-Groover-LLP
231 Riverside Drive
Macon, GA 31201
Telephone: 478-749-9942
lgillis@jamesbatesllp.com

Robert A. Burgoyne
Perkins Coie LLP
700 13th Street, NW
Suite 600
Washington, D.C. 20005
Telephone: 202-654-1744
rburgoyne@perkinscoie.com

Counsel for Defendant NBME

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendant's Opposition to Plaintiff's Fee Request was filed via CM/ECF on June 19, 2018, which will send a Notice of Electronic Filing to counsel of record for plaintiff, which constitutes service.

/s/ LEE M. GILLIS, JR.
LEE M. GILLIS, JR
Georgia State Bar No. 217515

Counsel for Defendant NBME