IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SARA WHYTE, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL BOARD OF )<br>MEDICAL EXAMINERS, )<br>)<br>    Defendant. ) | CIVIL ACTION FILE NO.<br><br>3:18-CV-62 |

### REPLY BRIEF

Defendant has filed a pretty generalized brief. So it is necessary to determine wherein there is agreement.[1]

1. There is no challenge to the hourly rate;

2. There is no challenge to the hours expended;

3. There is no challenge to the costs.

But as might be expected, there are areas of fundamental disagreement.

---

[1] Defendant has a nasty footnote that almost comes out to call plaintiff a liar. The fact of the matter is this. The test that plaintiff took was the last test scheduled before plaintiff's drop dead date of June 30, 2018. Had she not taken the test when she did she would have been kicked out.

1

## I. THE MOTION IS NOT PREMATURE

Local Rule 54.1 required the application for attorney fees to be filed within 14 days from the entry of judgment. It is of course arguable that the instant motion did not need to be filed when it was, but plaintiff erred on the side of caution.

Plaintiff does not question this Court's discretion to stay consideration of any motion for attorney fees. But defendant's brief is written as though this case is not moot, which it is.[2]

If the case is now moot with plaintiff having received irrevocable relief as having passed the exam, there is nothing further for this Court to rule on.

## II. THIS COURT HAS NO DISCRETION TO DENY ATTORNEY FEES

It is, of course true, that this Court could decide that plaintiff was not the prevailing party. That would be the Court's determination of the applicable law, but it would not be an exercise of discretion. See Barrios v. California Interscholastic Federation, 277 F. 3d 1128, 1134 (9th Cir. 2002); Jankey v. Poop Deck, 537 F. 3d 1122, 1130-1131 (9th Cir. 2008); Ward v. Philadelphia Parking Authority, 634 Fed. Appx. 901, 906 (3rd. Cir. 2013).

Defendant's alleged good faith does not change this calculus. See Martin v. Heckler, 773 F. 2d 1145, 1150 (11th Cir. 1985), abrogated on other grounds by Texas State Teachers Association v. Garland Indep. Sch. Dist., 489 U.S. 782

---

[2] A motion to dismiss the appeal as moot will be filed shortly.

(1989); Jones v. Wilkinson, 800 F. 2d 989 (10th Cir. 1986); Hescott v. City of Saginaw, 757 F. 3d 518, 525-526 (7th Cir. 2014); Gates v. Collier, 616 F. 2d 1268, 1275 (5th Cir. 1980).

### III. PLAINTIFF WAS AND IS THE PREVAILING PARTY

In Beta Epsilon Chi v. Machen, 2014 WL 4928902 (N.D. Fla. 2014), the plaintiff obtained a preliminary injunction on appeal. Thereafter, the case became moot, but the Eleventh Circuit granted "attorney fees for work performed in [the Eleventh Circuit] on [plaintiff's] motion for injunction pending appeal." The District Court denied attorney fees for the non-appellate work, but the Eleventh Circuit reversed "and remanded with instructions to award [plaintiff] trial level fees."[3] This order was affirmed 601 Fed. Appx. 917 (11th Cir. 2015). See also Common Cause/Georgia v. Billups, 554 F. 3d 1340, 1356 (11th Cir. 2009); Crowder v. Housing Authority, 908 F. 2d 843, 849 (11th Cir. 1990).

In Edmonds v. FBI, 417 F. 3d 1319 (D.C. Cir. 2005), the Court held that an order requiring the FBI to "complete the expedited processing" of plaintiff's FOIA requests and provide the documents by a date certain made plaintiff a prevailing party.

---

[3] This history is taken from the District Court opinion. The Eleventh Circuit explains itself at 522 Fed. Appx. 471 (11th Cir. 2013).

In Coalition for Basic Human Needs v. King, 691 F. 2d 597 (1st Cir. 1982), then Judge Breyer issued an opinion which reversed a district court which had denied attorney fees. The Court held that plaintiffs who had obtained an injunction pending appeal requiring resumption of AFIX payments were prevailing parties. The Court set out the facts as follows:

> On July 7, the Coalition appealed the district court's denial of its motion for a temporary restraining order to this court. Pursuant to Fed. R. App. P. 8(a), the Coalition requested that this court issue an injunction pending appeal ordering the appellees to resume AFDC and GR payments. At 6:00 p.m. on July 13, this court granted in part the motion for injunction pending appeal. Coalition for Basic Human Needs v. King, 654 F. 2d 838 (1st Cir. 1981). The court not only found that "irreparability of harm is now excruciatingly obvious," id. at 840-41, but concluded that the Coalition had demonstrated a probability of success on the merits of its claim that the interruption of the AFDC payments violated provisions of the Social Security Act. Id. at 841-42. The court accordingly ordered the appellees "to take all steps that may be necessary to ensure that the second semi-monthly checks of July will issue promptly and on schedule to all AFDC recipients." Id. at 843. The July 13 order was to take effect three days later, on July 16.

See generally id. at pages 600-602.

Defendant did not want plaintiff to take the examination and specifically did not want to accommodate her. Only because this Court acted did plaintiff take the exam with accommodations and pass. Compare Garcia v. Yonkers School Dist., 561 F. 3d 97, 106 (2d Cir. 2009).

4

Beyond general citations to cases that do not apply herein, defendant would base its defense on <u>Singer Management Consultants, Inc. v. Milgram</u>, 650 F. 3d 223, 229 (3rd Cir. 2011) (en banc). But <u>Singer Management</u> does not quite say what defendant wants it to say.

Unlike <u>Singer Management</u>, this defendant has <u>never voluntarily changed its position</u>. As this brief is written defendant is still trying to appeal relief that this Court ordered. Moreover, the <u>Singer Management</u> case was heard the day after filing without the benefit of briefs.

As the Court noted:

> As this "probability" ruling is usually the only merits-related legal determination made when courts grant TROs and preliminary injunctions, it follows that <u>parties will not often "prevail" based solely on those events</u>.

(Emphasis added). This case is an exception. It seems clear by reading the opinion at 225 that the plaintiff was challenging more than the fact that they were prohibited from putting on a concert. That is why there were further proceedings in the case after the concert was over with and that explains the hearing on September 7, 2007.

As the 4 dissenters noted:

> The majority does not mention however, that the TRO granted a large part of the relief plaintiffs sought.

Id. at 232. Here all the relief this plaintiff sought was granted by the TRO (except fees).

Suffice it to say that plaintiff cannot improve on Judge Roth's analysis.

But there is something completely disingenuous about defendant's brief. As defendant notes in brief and as the record reflects, defendant has appealed this Court's order. On what basis? TRO's are not appealable.

There is, of course, an answer (leaving aside questions of mootness). See Schiavo v. Schiavo, 403 F. 3d 1223, 1225 (11th Cir. 2005):

> Although we ordinarily do not have jurisdiction over appeals from orders granting or denying temporary restraining orders, in circumstances such as these, "when a grant or denial of a TRO might have a serious, perhaps irreparable, consequence, and can be effectually challenged only by immediate appeal, we may exercise appellate jurisdiction." Ingram v. Ault, 50 F. 3d 898, 900 (11th Cir. 1995) (internal citations, marks, and ellipsis omitted); see also United States v. Wood, 295 F. 2d 772, 778 (5th Cir. 1961). In these circumstances we treat temporary restraining orders as equivalent to preliminary injunctions or final judgments, either of which are appealable. See 28 U.S.C. §§ 1291 & 1292(a)(1).

As Common Cause, supra, notes the grant of a preliminary injunction leads to fees (absent reversal on the merits). See cases cited in the Singer Management (Roth) dissent at fn. 2.

Plaintiff is entitled to attorney fees.[4]

---

[4] Plaintiff request $1120 for the 3.2 hours time spent researching this brief.

6

                                                        Respectfully submitted,

                                                        /s/ Ralph Goldberg
                                                        Ralph Goldberg
                                                        Georgia Bar No. 299475

                                                        /s/ Laurene Cuvillier
                                                        Laurene Cuvillier
                                                        Georgia Bar No. 202922
                                                        Attorneys for Plaintiff

**Goldberg & Cuvillier, P.C.**
1400 Montreal Road, Suite 100
Tucker, Georgia 30084-6919
(770) 670-7343
(770) 670-7344 (FAX)
attorneygoldberg@hotmail.com
cuvillier@bellsouth.net

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel of record for the opposing party in the foregoing matter with a copy of the **Reply Brief** by depositing in the United States Mail copies of the same in properly addressed envelopes with adequate postage thereon or by notification of electronic filing to:

Robert A. Burgoyne
700 13th Street, N.W., Suite 600
Washington, D.C. 20005-3960

Gordon Grant Greenwood
231 Riverside Dr.
Macon, Ga. 31201

Lee M. Gillis, Jr.
P.O. Box 4283
Macon, Ga. 31208-4283

This 25th day of June, 2018.

/s/ Ralph Goldberg
Ralph Goldberg
Georgia Bar No. 299475

/s/ Laurene Cuvillier
Laurene Cuvillier
Georgia Bar No. 202922
Attorneys for Plaintiff

**Goldberg & Cuvillier, P.C.**
1400 Montreal Road, Suite 100
Tucker, Georgia 30084-6919
(770) 670-7343
(770) 670-7344 (FAX)
attorneygoldberg@hotmail.com
cuvillier@bellsouth.net